# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ROSA TEJADA-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 3:26-cv-00612 |
| CHRISTOPHER BULLOCK, Field | ) | |
| Office Director of Enforcement and | ) | |
| Removal Operations, New Orleans Field | ) | |
| Office, Immigration and Customs | ) | |
| Enforcement; | ) | |
| MARKWAYNE MULLIN, Secretary, | ) | |
| U.S. Department of Homeland Security; | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Rosa Tejada-Perez's Petition for Writ of Habeas Corpus (Doc. No. 1) and Motion for Issuance of Order to Show Cause (Doc. No. 8). Tejada-Perez was arrested and taken into Immigration and Customs Enforcement ("ICE") custody on May 8, 2026. (Doc. No. 1 at 2). She filed her habeas petition the same day, seeking immediate release or a bond hearing under 8 U.S.C. § 1226, and a declaration that her detention is unlawful. (Id. at 19). Her show cause motion filed on May 19, 2026 (Doc. No. 8) is moot because Respondents have responded to her petition. (Doc. No. 9).

Respondents simultaneously argue that Tejada-Perez's detention is lawful, (Doc. No. 12 at 2–3), while conceding that the Sixth Circuit's ruling in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) controls, (Doc. No. 9 at 1). In Raycraft, 175 F.4th at 732, 734, the Sixth Circuit affirmed multiple district courts' holdings that detentions without bond hearings under 8

1

U.S.C. § 1225(b)(2)(A) were unlawful and violated due process. The court reasoned that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme, which does not provide for individualized bond hearings, does not apply to people who are not seeking admission or lawful entry into the United States, because they are already in the United States. See id. at 732. The court also concluded that detention without bond in those circumstances constitutes a deprivation of liberty in violation of the Due Process Clause. See id. at 734. Tejada-Perez was already residing in the United States when she was detained. (Doc. No. 1 ¶¶1, 2). Accordingly, her detention is unlawful and she is entitled to immediate release.

Respondents argue that the Court has jurisdiction over Tejada-Perez's habeas petition and that venue is improper because she has not exhausted administrative remedies. (Doc. No. 12). Venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(e)[1] because Respondents are officials of the United States acting in their official capacities and Tejada-Perez has resided in Nashville for over 20 years. (See Doc. No. 13 at 1). The Court has already rejected Respondents' arguments about exhaustion of administrative remedies. See generally Flores-Rivera v. Ladwig, No. 2:26-CV-00008, 2026 WL 837980 (M.D. Tenn. Mar. 26, 2026); Velasquez-Cancino v. Ladwig, No. 2:25-cv-00091 (M.D. Tenn. Dec. 12, 2025). The legal questions before the Court regarding 8 U.S.C. §§ 1225 and § 1226 and due process are not subject to agency review. See, e.g., Alonso v. Tindall, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *3–4 (W.D. Ky. Nov. 4, 2025), Additionally, the Board of Immigration Appeals ("BIA") has determined that bond hearings are unavailable in cases like this, pursuant to 8 U.S.C. § 1225. See Matter of Yajure

---

[1] 28 U.S.C. § 1391(e) states, in relevant part, "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action."

2

Hurtado, 29 I. & N. Dec. 216 (BIA 2025). The Fifth Circuit upheld this BIA determination in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). Tejada-Perez is detained in an ICE facility in Louisiana, in the Fifth Circuit. (Doc. No. 13 at 2). Therefore, she would not be afforded a bond hearing even if she asked for one, so waiving exhaustion will not encourage bypassing administrative review, and further agency consideration would not likely change the agency's position.

Recognizing that Tejada-Perez's detention is unlawful under Raycraft, Respondents ask the Court to keep Tejada-Perez in detention pending a custody redetermination hearing to be set "not . . . earlier than 10 business days after issuance of the order" and further state that "if that does not occur, Petitioner should be released from custody." (Doc. No. 9 at 1–2). For the reasons stated, the Court declines to do so. Respondents also request that the Court abstain from ruling rule on Tejada-Perez's constitutional claims and instead rely only on statutory analysis under 8 U.S.C. § 1226(a). (Id. at 2). The Court previously ruled that detaining someone in Tejada-Perez's circumstances is a violation of due process. See Flores-Rivera, 2026 WL 837980, at *5. The Sixth Circuit came to the same conclusion in Raycraft. See 175 F.4th at 734. Therefore, the Court again holds that Tejada-Perez's detention violates both the Immigration and Nationality Act and the Due Process Clause. See Raycraft, 175 F.4th at 734; Flores-Rivera, 2026 WL 837980, at *4. Accordingly, Tejada-Perez is entitled to habeas relief.

Lastly, Tejada-Perez seeks attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. 2412, but she has not filed a motion. "A claim for attorney's fees and related nontaxable expenses must be made by motion." Fed. R. Civ. P. 54(d)(2)(A). See also M.D. Tenn. L.R. 54.01.

Tejada-Perez's petition for writ of habeas corpus (Doc. No. 1) is **GRANTED** and her show cause motion (Doc. No. 8) is **DENIED AS MOOT**. Respondents shall immediately release Tejada-

3

Perez from custody.  Should the Government seek to re-detain Tejada-Perez in the future, it shall not do so without an appropriate bond hearing.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4